**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                              :
GARY RAWLINGS,                :
                              :  Civil Action No. 10-4626 (AET)
            Plaintiff,        :
                              :
        v.                    :       **O P I N I O N**
                              :
HAMILTON TOWNSHIP MUNICIPAL   :
     COURT,                   :
                              :
            Defendant.        :
_____:

**APPEARANCES:**

Gary Rawlings, <u>Pro Se</u>
# 500063
Bo Robinson I-327-D
377 Enterprise Avenue
P.O. Box 5368
Trenton, NJ 08638

**THOMPSON, District Judge**

Plaintiff, Gary Rawlings, currently detained at the Bo Robinson House, Trenton, New Jersey, seeks to bring this action alleging violations of his constitutional rights <u>in forma pauperis</u>, without prepayment of fees pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's complaint will be dismissed.

**BACKGROUND**

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, claiming that defendant Hamilton Township Municipal Court

"fail[ed] to provide service of a time limit for service # within 120 days from the date I contacted them . . . ." He states that he has sent five letters to the municipal court and has not received answers. He attaches his state driver history record and a letter to the municipal court as attachments to his complaint. He does not ask this Court for relief, except to note that he has not yet received an answer from the municipal court.

## DISCUSSION

### A.   Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Plaintiff has not asserted a constitutional violation.  He simply argues that his letters to the municipal court have gone unanswered.  Furthermore, it is well settled that a Section 1983 claim may only be brought against a "person."  See Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Here, Plaintiff's claim against the Hamilton Township Municipal Court, whatever that claim may be, must be dismissed because that entity is not a "person" capable of being sued under Section 1983.  In addition, local government units generally are not liable under Section 1983 on a theory of respondeat superior, which is a theory that seeks to hold a municipal employer liable for the constitutional violations of its employees.  See City of

4

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell, 436 U.S. at 690-91, 694.

    Accordingly, this Court finds that this complaint fails to state a claim upon which relief can be granted, and the complaint shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2). If Plaintiff is able to cure these deficiencies through an amended complaint which provides context for his allegations, identifies the constitutional right or rights that he alleges to have been violated, identifies each of these defendants and his role in violating these rights, and provides the grounds upon which the claim is based, then Plaintiff may file such an amended complaint in accordance with the accompanying Order.

                                                                 */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON
                                                                 United States District Judge

Dated: April 4, 2011